BREAUX, C. J.
Plaintiff brought this suit against the defendant for $10,000 damages for alleged personal injuries suffered by him while at work for plaintiff in his warehouse between 9 and 10 o’clock a. m., in November, 1911. While at work loading a truck with sacks of rice, bales of empty burlap fell on him, fracturing four ribs and causing other injuries.
The sacks of rice of which plaintiff complained and the bales of burlap were not safely stored is the burden of his complaint. He had to pass between these piles of burlap and of rice; besides, there were barrels of cement immediately near the place where the burlap bags fell.
One of the complaints is that these heavy piles had no support to prevent them from falling over when the rice sacks were moved ; that the work was done in the dark part of the warehouse, so that it was not possible without a light to see the stacks or piles of rice or see falling bales of burlap. Plaintiff also complained of the want of notice of the surrounding danger.
The particulars of the accident are that, while he was removing the rice bags to place them on the truck to roll them away (he and another laborer), the bales of empty burlap, piled near the ceiling, bent over and fell, and in the fall he was caught and injured without the least fault on his part, he contends.
The defendant, on the other hand, pleaded that plaintiff had no cause of action. He admitted that plaintiff had been in his employ since about November 2, 1912, as a warehouse laborer. He denied the negligence charged by plaintiff, and stated that plaintiff had no one to blame but himself, his negligence, carelessness, and lack of attention to the warnings given. He also stated that the bales of empty burlap were piled up and stored by the laborers under plaintiff, who acted as stevedore or foreman, and that the defects in this piling of burlap are not grounds of complaint against him.
The court overruled the exception of no cause of action. The case was tried and judgment rendered in favor of plaintiff in the sum of $750.
Defendant appealed.
[1] In our endeavor to find the cause for the fall of the burlap bags and of the alleged injury, we have noted that there were cement barrels on one side and the piles of burlap on the other. The piles of rice were about 15 feet high; also, the burlap bags. The warehouse was well filled at the time. Just back of plaintiff, there was a space of about six feet. As the bags began to fall, the superintendent, who was present, who had, according to the testimony, a hand lantern, hollered to two or three workmen *1001 around, including plaintiff, to look out. Plaintiff says that he looked up, but was unable to escape from the bags that were falling forward and struck him.
The son of the proprietor, interested, as we understand, in the work, was standing near. He had a small lantern which enabled him to see to get at the rice.
It does not appear that any other warning was given except the “look out,” as just mentioned.
Plaintiff testified that in the short time he could not get out of the way and in this he is not contradicted.
The bales of burlap weighed from 600 to 750 pounds.
The work of plaintiff was ordinary enough.
We infer that it seldom happens that falling bags hurt any one, but corded together these bags were bulky and made a large column. They had to be stacked. They would not have fallen at all, it is evident, if the work had been properly done, or if no changes had been made after they had been piled up. They were flat bags, placed one on the other. A perpendicular pile was all that was necessary to make it entirely safe. This was not done. Who is responsible for the defect it is difficult to determine.
[2] Defendant’s contention is that plaintiff was to blame; that he was one of the four or five workmen who piled up the bags.
The work should have been done by piling the bags straight up and down from floor to ceiling. If this had been done, when 12 bales were taken from the pile it should have been made to appear that the remaining 38 were perpendicularly laid one above the other, and at the top there should have been a tie bale placed to better hold the mass together.
Downward pressure is not dangerous if perpendicular to the floor upon which the objects rest, but it may be dangerous when not properly laid if the center of gravity is disturbed.
This was temporary massing of the sacks, and for the very reason the work should have received special attention. When part of the sacks were taken from the mass, it may have been done without proper attention to the remaining piles. Men will be a little indifferent at times in taking down a pile of sacks and other property. Sometimes, when what is wanted is taken, very little concern is felt about what is left. Eor that reason the owner should see to the safety of the remaining piles. The master must provide a safe place for his workmen. The displacement of the sacks rendered it necessary for some one to see that the pile left was as it was when the work of removing began.
Either the sacks were not piled as they should have been, or there was disturbance of the equilibrium when the 12 sacks were removed.
But it is contended that the plaintiff took such a part in cording these sacks that he is estopped from complaining.
He was at times one of five, at other times one of four, and at the time the bales fell one of two, at work in the warehouse; he received the same amount as to wages as the other workmen; he had no particular work in charge; he laid the bags on the piles with the others.
The master or his representative was the one to see to the proper work. Plaintiff had no more skill or knowledge than the other laborers.
Conceding for a moment that he did take part in cording the bags, he was not necessarily responsible, for, after that work had been done, others took 12 sacks of the number off, and it is probable did not give themselves much concern about the piles left.
These bags had great weight. The 50 which were first corded weighed about 35,-000 pounds, and after the 12 were taken away the piles still had great weight.
The danger was not apparent. If one *1003 works out of doors in a well-lighted place, or in a well-lighted house, he is expected to see that the columns or piles are in a threatening condition; but, if there is no light, or the light is not sufficient, the master should have a superintendent to see to the piles and to their- not being dangerous.
. Again, there was not sufficient light at the place at which these bags fell. There should have been light sufficient to do the work without the necessity of carrying a hand lantern; or, if it was necessary to do the work in a dark place, there should have been warning given to the hands. The testimony is that no warning was given, except the warning cry that did not reach the plaintiff until just as the bags were falling.
Eor reasons stated, it is ordered, adjudged, and decreed that the judgment appealed from be, and the saíne is hereby, affirmed at appellant’s costs.
PROVOSTY, J., dissents.